**F I L E D**

**UNITED STATES COURT OF APPEALS**

**July 9, 2007**

**TENTH CIRCUIT**

JERALD SHOUSE,

          Petitioner - Appellant,

v.

JUSTIN JONES,

          Respondent - Appellee.

No. 07-6033

(W.D. Oklahoma)

(D.C. No. CV-06-1012-F)

**ORDER**

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

Proceeding *pro se*, Jerald Shouse seeks a certificate of appealability ("COA") from this court so he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA). Because Shouse has not "made a substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** this appeal. *Id*. § 2253(c)(2).

An Oklahoma jury convicted Shouse of trafficking in illegal drugs. Shouse appealed his conviction, raising the following arguments: (1) his Fourth Amendment rights were violated by the warrantless search of his residence; (2)

the trial court committed numerous errors including improperly admitting evidence, improperly instructing the jury, failing to permit surrebuttal testimony, and failing to record bench conferences; (3) the evidence was insufficient to support his conviction; (4) the wording of the Information did not give him fair notice of the charge against him; (5) prosecutorial misconduct deprived him of a fair trial; and (6) cumulative error deprived him of a fair trial. The Oklahoma Court of Criminal Appeals ("OCCA") considered Shouse's arguments but affirmed his conviction. Shouse then filed a state application for post-conviction relief, arguing ineffective assistance of appellate counsel. Shouse's post-conviction application was denied and the OCCA affirmed the denial.

Shouse filed the instant § 2254 habeas petition on September 19, 2006. In his petition, Shouse raised all the issues he presented in his direct appeal and in his state post-conviction application. The district court addressed each of Shouse's claims in turn, applying the standard set forth in the Antiterrorism and Effective Death Penalty Act and concluding the state court's adjudication of the claims was not contrary to, nor an unreasonable application of clearly established federal law or based on an unreasonable factual determination. 28 U.S.C. § 2254(d).

This court cannot grant Shouse a COA unless he can demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether Shouse has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Shouse is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Shouse's application for a COA and appellate brief, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes that Shouse is not entitled to a COA.[1] The district court's resolution of Shouse's claims is not reasonably subject to debate and the claims are not adequate to deserve further proceedings. Accordingly, Shouse has not "made a substantial showing of the

---

[1]In the reply brief Shouse filed with the district court, he argued the OCCA's application of a new standard of review to his sufficiency of the evidence claim was an ex post facto violation. *But see Warner v. Oklahoma*, 144 P.3d 838, 862-63 (Okla. Crim. App. 2006) (concluding application of new standard of review did not violate the Due Process Clause or ex post facto principles). We do not consider Shouse's arguments relating to this claim because it was not asserted in the state post-conviction proceedings but was raised for the first time in the reply brief. Thus, Respondent had no opportunity to either address it on the merits or argue it is subject to application of an anticipatory procedural bar.

denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. §

2253(c)(2).

This court **denies** Shouse's request for a COA and **dismisses** this appeal.


ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge